UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JESSY PONDY,

Petitioner,

v. Case No. 3:26-cv-1851-MMH-MCR

WARDEN, NORTH FLORIDA DETENTION FACILITY and U.S. ATTORNEY GENERAL,

Respondents.

---

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This cause is before the Court on a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition), filed July 20, 2026, by Kimberlyann John as wife and next friend of Jessy Pondy, an immigration detainee. Petition at 1, 8; Certificate of Marriage (Doc. 1-1; Certificate) at 1; Doc. 1-2 (Letters) at 2.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of this statutory provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action himself. See Whitmore v. Arkansas, 495 U.S. 149, 162 (1990). However,

"'next friend' standing is by no means granted automatically . . . ." Id. at 163. The would-be next friend must provide an adequate explanation for the necessity of the designation—such as the real party's mental incompetence or lack of access to the courts—and show that she is truly dedicated to the interests of the real party. Id.

Here, John does not demonstrate that "next friend" status is appropriate. There is no indication that Pondy is mentally incompetent or has been denied access to the courts. See generally Petition. Additionally, John's assertions that Pondy "has limited ability to prepare, execute, and file" his Petition due to his detention are conclusory and unsupported. Letters at 2. Indeed, many pro se petitioners in immigration custody face the same conditions as Pondy and have litigated their cases on their own. Because John does not demonstrate the propriety of "next friend" status, she lacks standing to initiate this action on Pondy's behalf. See Francis v. Warden, FCC Coleman-USP, 246 F. App'x 621, 622 (11th Cir. 2007)[1] ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition."); Weber v. Garza, 570 F.2d 511,

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

514 (5th Cir. 1978)[2] ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

Moreover, even if next-friend status was warranted, John does not claim to be an attorney. See generally Petition; Letters. Therefore, she cannot represent her husband in this action. See Grappell v. Carvalho, 847 F. App'x 698, 701 (11th Cir. 2021) (per curiam) ("While individuals in federal court generally may 'may plead and conduct their own cases personally,' . . . the right to appear pro se does not extend to non-attorney parties representing the interests of others." (internal citation and alterations omitted)); Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009) (non-attorney next friend must be represented by an attorney in order to represent incompetent litigant).

Accordingly, it is **ORDERED**:

1. The Petition (Doc. 1) is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3. The **Clerk** shall send Pondy a blank petition for writ of habeas corpus form for use in § 2241 cases. If Pondy chooses to refile his claims, he may do so on the enclosed form. He should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of July, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Jessy Pondy